Louis James Thibodeaux #5357494
Oregon State Penitentiary
2605 State Street
Salem OR 97310

Pro Se for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| LOUIS JAMES THIBODEAUX<br>Plaintiff<br><br>v.<br><br>BRIAN BELLEQUE, POSHER, GILLIS, RIDDLEBUSH, DAVIS, MCBRIDE, DODSON, CUSHMAN, BALES, NOPP, D. LEE, HILL, NICHOLAS, GRAFF, ANDREWS, STEPHENS, KELLY, HERRON, ROGERS, WILBER, S.T. GORE, FRED MONEM, TEAL,<br>Defendants. | Case No. 07-6070MO<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

I.

A. Have you brought any other action or appeal in a court of the United States while a prisoner? Yes

B. If your answer is yes how many? 2
   1. Parties to previous lawsuit:
      THIBODEAUX v. BELLEQUE

C. Jury Trial Requested

Page 1 of COMPLAINT                                                                 Page 1 of 10

Salem, OR 97310

2. Docket Number: CV05-1409-AA

3. Name of Judge: Ann Aikens

4. Disposition: The case is still pending

5. Approximate date of filing: October 18th, 2005

6. Approximate date of disposition: Still pending

## II.

A. Place of confinement: Oregon State Penitentiary

B. Is there a prisoner grievance procedure in this institution? Yes

C. Have you filed a grievance concerning the facts relating to this complaint? Yes

D. Is the grievance process completed? Yes

## III. PARTIES

Defendant BRIAN BELLEQUE, is employed as ,Superintendent, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and allowed staff to discriminate me by using verbal discriminatory words, and allowed staff to make false fictitious, and fraudulent misconduct report and daily failures on plaintiff. See the statement that was said by G. Postier below.

Defendant G. POSTIER, is employed as Food Service Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and verbally used a discriminatory statement to the affect "he wishes the police would have shot and killed all of us instead of bringing us to prison," and made a false fictitious, and fraudulent daily failures on plaintiff.

Defendant Mr. GILLIS is employed as Food Service Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, did not do any thing when plaintiff complained about Mr. Postier, instead allowing the Food Service Coordinator's to wrongfully use retaliation and give false daily failures to have plaintiff removed out of the kitchen because he made a discrimination report against Mr. Postier.

Defendant Mr. RIDDLEBUSH is employed as Food Service Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, removed plaintiff from his cooks position down to line server because of his discrimination complaint and numerous

complaints plaintiff was writing on Mr. Postier, where both Mr. Riddlebush and Ms. Lee both was heard by Caucasian inmates that we are going to get rid of his black ass.

Defendant Mr. KEITH DAVIS is employed as Food Service Manager, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment removed plaintiff from his cooks position down to line server because of his discrimination complaint and numerous complaints plaintiff was writing on Mr. Postier, where both Mr. Riddlebush and Ms. Lee both was heard by Caucasian inmates that we are going to get rid of his black ass, and allowed and ignored plaintiff's complaints about, those false fictitious, and fraudulent daily failures submitted on plaintiff Mr. Postier, and when plaintiff got a kyte from Lt. Cushman, Mr. Davis and Lt. Cushman went to the security office and talked to Captain Watson and they conficated the kyte that Lt. Cushman signed confirming the racist statement that Mr. Postier made to plaintiff.

Defendant MCBRIDE is employed as , at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and wrote false fictitious, and fraudulent daily failure on plaintiff for not working and plaintiff had worked at least one full week or two after his third daily failure, had plaintiff working when he was already removed from working after his third daily failure, once an inmate gets three daily failure they are automatically given a program failure, but they continued to make plaintiff work.

Defendant Lt. CUSHMAN is employed as , at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, ignored plaintiff's complaints about Mr. Postier, and when plaintiff got a kyte from Lt. Cushman, Mr. Davis and Lt. Cushman went to the security office and talked to Captain Watson and they confiscated the kyte that Lt. Cushman signed confirming the racist statement that Mr. Postier made to plaintiff.

Defendant M. DODSON is employed as Discrimination Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and stated that he find no discrimination on part of the racist statement that Mr. Postier made and denied plaintiff's discrimination complaint, but the appeal committee found a different conclusion and referred plaintiff's complaint back to OSP and requested that they take appropriate action on Mr. Postier.

Defendant A. BALES, is employed as grievance coordinator, at Oregon State Penitentiary, acting in concert in his individual capacities violated plaintiff constitutional rights secured under the Fourteenth Amendment to the United States Constitutions, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and stated that he find no discrimination on part of the racist statement that Mr. Postier made and denied plaintiff's discrimination complaint, but the appeal committee found a different conclusion and referred plaintiff's complaint back to OSP and requested that they take appropriate action on Mr. Postier.

Defendant NOPP is employed as Food Service Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's

constitutional rights and administered cruel and unusual punishment, and treated plaintiff cruelly, and made false fictitious, and fraudulent daily failures on plaintiff because of his complaint against his co-worker Mr. Postier and gave plaintiff two daily failures in one day, when you are only allowed one per day.

    Defendant MS. LEE is employed as Correctional Officer, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, make a racist statement with Riddlebush in front of Caucasian inmates that they needed to get rid of my black ass.

    Defendant SHARI HILL is employed as Inmate Work Coordinator, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, gave plaintiff a program failure, and acted in concert with C/O Nicholas and used discriminatory treatment, retaliation and wrongfully removed plaintiff from his work assignment in the infirmary, because of plaintiff previous lawsuit with Shari Hill as one of the defendants, deliberately had me removed from my work assignment , and she did not let the Captain signed the program failure, and did it herself.

    Defendant T. NICHOLAS is employed as Correctional Officer, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and used discriminatory treatment, retaliation and wrongfully removed plaintiff from his work assignment in the infirmary, because of plaintiff previous lawsuit with Shari Hill as one of the defendants, deliberately had me removed from my work assignment and made a false fictitious, and fraudulent misconduct report on plaintiff, and lied on David Graff as a witness to the wrongfully written bogus misconduct report he wrote to have me wrongfully removed from my work assignment in the infirmary.

    Defendant DAVID GRAFF is employed as Health Services Nurse Manager, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, allowed me to wrongfully removed from my work assignment by C/O Nicholas's falsely written misconduct report.

    Defendant CAPTAIN ANDREWS is employed as Operations Captain, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, using and abusing his power to discriminate against plaintiff, and sign those wrongfully submitted misconduct reports and allowed C/'O Nicholas to make a false fictitious, and fraudulent misconduct report on plaintiff, thereby using retaliation against plaintiff by denying his medical approval for shoes, that was already approved by Captain Watson, because I had gotten shoes sent in on my approval and was refused because they were considered MAC DADDY shoes.

    Defendant LT. B. STEPHENS is employed as Lieutenant , at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and signed those wrongfully submitted reports to have me removed from my work assignment without reading the reports to see that it would be impossible for me to be charged with an unauthorized area after 10:00 PM, because there is no inmate movement and inmates are escorted to their work assignments inside the prison.

Defendant Captain B. KELLY is employed as Captain, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and also allowed plaintiff shoes to be sent back to the sender because they were considered MAC DADDY shoes.

Defendant Sgt. HERRON is employed as Clothing Room Sergeant, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and wrongfully removed plaintiff from his work assignment in the clothing room for retaliation of having his brother in a complaint at Two Rivers, and discriminated against plaintiff, when a Caucasian inmate was caught with METH and fired from his job in the clothing room and rehired, and denied to give plaintiff his job back.

Defendant Cpl. ROGERS is employed as Clothing Room Corporal, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, discriminated against plaintiff, when a Caucasian inmate was caught with METH and fired from his job in the clothing room and rehired, and denied to give plaintiff his job back.

Defendant SGT. WILBER is employed as Sergeant, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and when plaintiff got a recommendation when an orderly job became available from C/O Gill, Sgt. Wilber answered that he would not give me a job even if God gave me a recommendation, which was very racist and gave the job to a Caucasian inmate instead of plaintiff who happens to be African American.

Defendant SGT. S. T. GORE was employed as E-Block Sergeant, at Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, and refused to give plaintiff an orderly job, because he supposedly will not hire inmates that has been fired and hired a Caucasian inmate for the job that has been fired numerous times in E-Block.

Defendant F. Moslem, is employed as head of Food Service Department Administrator, for the Department of Corrections, to oversee the supplies of food brought into the Oregon State Penitentiary, acted under color of law both individual and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, by purchasing food that was not to be consumed by human consumption, for the past year or so.

Defendant Mr. Teal, is employed as Corrections Officer at the Oregon State Penitentiary, acted under color of law both individually and in his official capacities, discriminated against plaintiff and in concert with each other thereby violated plaintiff's constitutional rights and administered cruel and unusual punishment, by falsely placing contraband in plaintiff's cell and made a false fictitious, and fraudulent misconduct report on plaintiff, and having other inmates remove personal property from my cell, that is missing.

IV. STATEMENT OF CLAIM

Plaintiff will provide patterns of racial discrimination on each of the above named defendant's each acting in their individual and official capacities.

At all times material to this complaint, these defendant's acted under color of law, administered and violated plaintiff's constitutional rights to be free from cruel and unusual punishment to plaintiff on numerous occasians.

Each defendant violated the policies and procedures under the applicable Oregon Administrative Rules and the Oregon Revised Statutes pertaining to treatment of cruel and unusual punishment with violations under the Oregon Constitution Article I, Section 16, and the Fourteenth Amendment to the United States Constitution, when the discriminated against plaintiff, and wrongfully supplied false fictitious, and fraudulent misconduct report and daily failures on plaintiff,

## CLAIM I-RACIAL DISCRIMINATION

Supporting Facts:

On or about the 19th, of July 2006, in the Food Service Department, during short line, Food Service Coordinator Postier racially and verbally used a discriminatory abusive statement to plaintiff and another African American, Mr. Postier stated "He wishes the police would of shot and killed all of them instead of bring them to prison."

## CLAIM III- WRONGFUL TERMINATION

Supporting Facts:

On or about March 23rd, 2006, C/O Nicholas submitted a a false fictitious, and fraudulent misconduct report against plaintiff, and used discriminatory and retaliation against plaintiff because of his close relations with Inmate Work Coordinator Shari Hill, and wrongfully had plaintiff removed fron his job in the infirmary.

## RELIEF

WHEREFORE plaintiff demands judgment against the Defendant's each individually and in their official capacities:

1. Declaratory Relief adjudging each Defendant in their individual and official capacities violated plaintiff's constitutional rights to be free from cruel and unusual punishment.

2. Injunctive Relief, ordering defendant's to pay back pay to plaintiff in the amount of $100.00 per day to the conclusion of the outcome of this complaint, and continue to pay plaintiff monthly until his release from prison, or give him a job in the laundry.

3. Economic damages awards in the amount of:

    BRIAN BELLEQUE, in the amount of $25,000.00

    G. POSTIER, in the amount of $25,000.00

    GILLIS in the amount of $25,000.00

    RIDDLEBUSH in the amount of $25,000.00

    KEITH DAVIS in the amount of $25,000.00

    MCBRIDE in the amount of $25,000.00

    CUSHMAN in the amount of $25,000.00

    M. DODSON in the amount of $25,000.00

    A. BALES in the amount of $25,000.00

    NOPP in the amount of $25,000.00

    MS. LEE in the amount of $25,000.00

    SHARI HILL in the amount of $25,000.00

    T. NICHOLAS in the amount of $25,000.00

    DAVID GRAFF in the amount of $25,000.00

    CAPTAIN ANDREWS in the amount of $25,000.00

    LT. B. STEPHENS in the amount of $25,000.00

Captain B. KELLY in the amount of $25,000.00

Sgt. HERRON in the amount of $25,000.00

Cpl. ROGERS in the amount of $25,000.00

SGT. WILBER in the amount of $25,000.00

SGT. S. T. GORE in the amount of $25,000.00

F. MOJEM in the amount of $25,000.00

MR. TEAL in the amount of $25,000.00

4. Non-Economic damages awards in the amount of:

BRIAN BELLEQUE, in the amount of $250,000.00

G. POSTIER, in the amount of $250,000.00

GILLIS in the amount of $250,000.00

RIDDLEBUSH in the amount of $250,000.00

KEITH DAVIS in the amount of $250,000.00

MCBRIDE in the amount of $250,000.00

CUSHMAN in the amount of $250,000.00

M. DODSON in the amount of $250,000.00

A. BALES in the amount of $250,000.00

NOPP in the amount of $250,000.00

MS. LEE in the amount of $250,000.00

SHARI HILL in the amount of $250,000.00

T. NICHOLAS in the amount of $250,000.00

DAVID GRAFF in the amount of $250,000.00

CAPTAIN ANDREWS in the amount of $250,000.00

LT. B. STEPHENS in the amount of $250,000.00

Captain B. KELLY in the amount of $250,000.00

Sgt. HERRON in the amount of $250,000.00

Cpl. ROGERS in the amount of $250,000.00

SGT. WILBER in the amount of $250,000.00

SGT. S. T. GORE in the amount of $250,000.00

F. MONEM in the amount of $250,000.00

MR. TEAL in the amount of $250,000.00

5. Compensatory damages awards in the amount of:

BRIAN BELLEQUE, in the amount of $1 Million Dollars

G. POSTIER, in the amount of $1 Million Dollars

GILLIS in the amount of $1 Million Dollars

RIDDLEBUSH in the amount of $1 Million Dollars

KEITH DAVIS in the amount of $1 Million Dollars

MCBRIDE in the amount of $1 Million Dollars

CUSHMAN in the amount of $1 Million Dollars

M. DODSON in the amount of $1 Million Dollars

A. BALES in the amount of $1 Million Dollars

NOPP in the amount of $1 Million Dollars

MS. LEE in the amount of $1 Million Dollars

SHARI HILL in the amount of $1 Million Dollars

T. NICHOLAS in the amount of $1 Million Dollars

DAVID GRAFF in the amount of $1 Million Dollars

CAPTAIN ANDREWS in the amount of $1 Million Dollars

LT. B. STEPHENS in the amount of $1 Million Dollars

Captain B. KELLY in the amount of $1 Million Dollars

Sgt. HERRON in the amount of $1 Million Dollars

Cpl. ROGERS in the amount of $1 Million Dollars

SGT. WILBER in the amount of $1 Million Dollars

SGT. S. T. GORE in the amount of $1 Million Dollars

F. MONEM in the amount of $1 Million Dollars

MR. TEAL in the amount of $1 Million Dollars


Signed this 30th, day of March 2007

*[signature]*
LOUIS JAMES THIBODEAUX